UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EXECUTE MANAGEMENT SERVICES, INC., EMS FLORIDA, INC., D&B VENTURES, LLC, AIR GOLF II, LLC, <br><br>   Plaintiffs, <br><br> vs. <br><br> FIFTH THIRD BANK, <br><br>   Defendant. | No. 1:13-cv-00582-WTL-MJD |

**ORDER ON MOTION TO STRIKE JURY DEMAND**

This matter comes before the Court on Defendant Fifth Third Bank's ("Fifth Third") Motion to Strike the Plaintiffs' Jury Demand, which was filed on July 5, 2013. [Dkt. 19.] For the following reasons, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's motion.

**I.  Background**

Plaintiffs Executive Management Services, Inc. (EMS), EMS Florida, Inc. ("EMS Florida"), and D&B Ventures, LLC ("D&B") (collectively "the EMS Plaintiffs") and Plaintiff Air Golf II, LLC ("Air Golf") filed this breach of contract suit against Fifth Third on April 8, 2013. [Dkt. 1 at 1.] Around January 24, 2006, the EMS Plaintiffs and Fifth Third entered into an interest rate swap agreement[1] ("Agreement"), which was memorialized on an International Swap Dealers Association Master Agreement form. [Dkt. 1-2 at 1.] The parties customized the

---

[1] Interest rate swaps are described as "complex derivative instruments" [Dkt. 1 at 1] designed to "hedge against future increases in variable [interest] rates" on corporate debt [*id.* at 5].

1

Agreement with their own schedule and subsequent agreement confirmations. [*Id.*] Within the customized schedule is a jury waiver provision, which reads in full:

> Insofar as is permitted by law, each party irrevocably waives any and all rights to trial by jury in **any legal proceeding in connection with this Agreement** or any Transaction, and acknowledges that this waiver is a material inducement to the other party's entering into this Agreement and each Transaction hereunder.

[Dkt. 1-2 at 18 (emphasis added).] Due to the credit crisis beginning in 2008, the Agreement between the EMS Plaintiffs and Fifth Third was not successful, and Plaintiffs thereafter filed this suit. [Dkt. 1 at 10-11.] Despite the jury waiver provision in the Agreement, all four of the Plaintiffs demanded a jury trial on all issues triable by jury. [*Id.* at 20.] In response, Fifth Third filed a motion to strike the Plaintiffs' jury demand, which is now before the Court. [Dkt. 19.]

## II.  Discussion

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963). Parties may, however, waive this right via contract. *See, e.g., IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991-92 (7th Cir. 2008) (upholding the validity and enforceability of a jury waiver provision). When parties sign a jury waiver provision, that provision is to be interpreted under the same state law that governs the substantive components of the contract as a whole. *See id*.

Under New York Law,[2] "[j]ury waiver provisions are valid and enforceable as a general matter." *Uribe v. Merchants Bank of New York*, 227 A.D.2d 141, 141 (N.Y. App. Div. 1996) (citing *Barclays Bank of New York, N.A. v. Heady Electric Co.,* 174 A.D.2d 963 (N.Y. App. Div. 1991)). "Once a jury trial is properly waived, courts will not interfere with the waiver."

---

[2]The Agreement between the EMS Plaintiffs and Fifth Third stipulates that it is to be governed by the laws of the State of New York. [Dkt. 1-2 at 18.] Neither party contests this point. [*See* Dkts. 22 at 2; Dkt. 27.] Therefore, New York law governs the interpretation and enforceability of the jury waiver provision at issue here.

*Kenmore Associates, L.P. v. Burke*, 859 N.Y.S.2d 895 (N.Y. Civ. Ct. 2008) (citing *Matter of Malloy*, 278 N.Y. 429, 433 (1938)).

### A.  *Air Golf's Right to a Jury Trial*

Plaintiff Air Golf was not a party to the Agreement between the EMS Plaintiffs and Fifth Third [Dkt. 1-2 at 1] and is therefore not bound by the jury waiver provision in the Agreement. However, Fifth Third argues that Air Golf waived its right to a jury when it signed an aircraft security agreement with Fifth Third, which is unrelated to the Agreement at issue here.  [Dkt. 28 at 6-7.]  That aircraft security agreement included a jury waiver provision, which reads, "[s]ecured party and grantor hereby each waive their respective rights to trial by jury of any claim or cause of action **based upon or arising out of or related to the aircraft or this agreement or any of the other loan documents** . . . ."  [Dkt. 19-10 at 19 (emphasis added).]  On its face, this waiver is clearly limited only to claims arising out of the terms of the aircraft security agreement and does not extend to the claims arising out of the Agreement between the EMS Plaintiffs and Fifth Third.  Because jury waivers are to be "strictly construed," the language of this waiver cannot be read to apply in this matter.  *Kenmore,* 859 N.Y.S.2d 895.

Fifth Third also argues that Air Golf is not entitled to a jury trial because Air Golf is not specifically named in any of the claims for relief in the Complaint.  [*See* Dkt. 1 at 14-19.]  As Fifth Third points out, the Complaint lists EMS, EMS Florida, and D&B individually when requesting relief under each claim; Air Golf is conspicuously missing.  [*Id*.]  In response, Air Golf maintains that it has stated claims for relief, even though its name is not listed individually.  [Dkt. 34 at 6-7.]  Further, the heading of the Complaint does indicate that all four of the Plaintiffs will collectively be referred to as "EMS," and EMS is listed under each claim for relief.  [Dkt. 1 at 1, 14-19.]  Nonetheless, the matter before the Court is a Motion to Strike Plaintiffs' Jury

Demand, not a Motion to Dismiss for Failure to State a Claim.  If it wishes, Fifth Third may file a Motion to Dismiss Air Golf, but, to the extent that Air Golf states any claim for relief from this Court suitable for resolution by a jury trial, Air Golf has not so waived its right to a jury trial.  Therefore, Air Golf is entitled to a jury trial on all issues suitable for resolution by a jury.

### B.  The EMS Plaintiffs' Right to a Jury Trial

A jury waiver is only applicable to claims that fall within the scope of the waiver, *see Kenmore,* 859 N.Y.S.2d 895, and the scope of the Agreement's jury waiver here is limited to "any legal proceeding in connection with this Agreement or any Transaction." [Dkt. 1-2 at 18.] The EMS Plaintiffs have stated that they are "not contesting the enforceability of the jury waiver provision in the Master Agreement." [Dkt. 27 at 4 n.1.]  Rather, the EMS Plaintiffs argue that some of their claims—namely that Fifth Third unilaterally terminated the parties' banking relationship and that Fifth Third refused to release EMS's collateral—are not connected to the Agreement and thus fall outside the scope of the jury waiver. [*Id.* at 3-4.]

Plaintiffs' own Complaint, however, refutes this argument.  The beginning of the Complaint states that "[t]his action **arises out of** complex derivative instruments called 'interest swaps,' which Fifth Third . . . sold to EMS." [Dkt. 1 at 1 (emphasis added).]  Further, the Complaint asserts that Fifth Third's termination of the parties' banking relationship was a "**direct and proximate result** of the frustration of purpose [of the Agreement]." [Dkt. 1 at 15 (emphasis added).]  Lastly, the Complaint concedes that the EMS Plaintiffs' own "repeated complaints **regarding the swaps**, [their] numerous requests for an accounting and explanation of Fifth Third's methodology for calculating the **swap-related fees**, and [their] request for a face-to-face meeting with a Fifth Third officer led Fifth Third to unilaterally terminate the banking relationship, **including the swaps**." [*Id.* (emphasis added).]  Without addressing the merits of

4

their claims, the face of Plaintiffs' Complaint asserts that this lawsuit arises out of the terms of the Agreement, and thus the EMS Plaintiffs are subject to its jury waiver provision.

Additionally, the EMS Plaintiffs argue that, because Air Golf is entitled to a jury trial, they should likewise be entitled to a jury trial on all common issues of fact. For support, the EMS Plaintiffs rely on *American Insurance Company v. Siena Construction Corporation* from the Superior Court of Massachusetts. 23 Mass.L.Rptr. 232 (Mass. Super. Oct. 9, 2007). The potential applicability of this opinion, for this Court's purposes, is the Superior Court of Massachusetts' reliance on *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959). In *Beacon Theatres*, the United States Supreme Court held that an individual plaintiff's claims at law should be decided before any claims at equity so as to not compromise the plaintiff's right to a jury trial. *See id.* Although the Superior Court of Massachusetts relied in part on *Beacon Theatres* to hold that claims common to parties with a jury waiver and parties without a jury waiver were to be tried by jury, *see Siena Constr.*, 2007 WL 3206673, at *6, this Court is not prepared to take such a logical leap. Rather, the Court finds that granting Air Golf's demand for a jury trial does not consequentially entitle the EMS Plaintiffs a jury trial. Even if issues common to the claims of Air Golf and the EMS Plaintiffs arise, a jury will consider Air Golf's claims, and the Court will consider those of the EMS Plaintiffs.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's Motion to Strike Plaintiffs' Jury Demand. [Dkt. 19.]

Dated:   02/24/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kimberly L. Cohen
HOOVER HULL LLP
kcohen@hooverhull.com

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

Stephen Elliot Reynolds
ICE MILLER LLP
stephen.reynolds@icemiller.com

5