UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EXECUTIVE MANAGEMENT SERVICES, INC., EMS FLORIDA, INC., D&B VENTURES, LLC, AIR GULF II, LLC, | ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| FIFTH THIRD BANK, | ) ) |
| Defendant. | |

No. 1:13-cv-00582-WTL-MJD

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter comes before the Court on Fifth Third Bank's ("Defendant") Motion to Compel Plaintiffs' and David Bego's Discovery Responses. [Dkt. 91.] For the following reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

**I. Background**

Plaintiffs Executive Management Services, Inc. (EMS), EMS Florida, Inc. ("EMS Florida"), and D&B Ventures, LLC ("D&B"), and Air Golf II, LLC ("Air Golf") (collectively "the EMS Plaintiffs") filed this breach of contract suit against Defendant on April 8, 2013. [Dkt. 1 at 1.] Around January 24, 2006, the EMS Plaintiffs and Defendant entered into an interest rate swap agreement ("Agreement"), which was memorialized on an International Swap Dealers Association Master Agreement form. [Dkt. 1-2 at 1.] Due to the credit crisis beginning in 2008, the Agreement between the EMS Plaintiffs and Defendant was not successful, and Plaintiffs thereafter filed this suit. [Dkt. 1 at 10-11.]

1

In September of 2013, Defendant served each of the four Plaintiffs with its First Requests for Production (RFP), to which Plaintiffs responded in December of 2013. [Dkt. 93 at 2.] However, Defendant did not find these responses, nor Plaintiffs' supplemental responses, sufficient, and in April of 2014 the Court granted Defendant leave to file a motion to compel Plaintiffs to produce certain tax returns, financial statements, and documents referring or relating to any loan applications from the relevant time period. [*Id.* at 3-4.] Additionally, Defendant served a non-party request on David Bego, President and CEO of each of the four Plaintiff entities, in order to subpoena some of the requested tax returns, which Mr. Bego allegedly has in his possession. [*Id* at 3.] Plaintiffs, on behalf of David Bego, also objected to the production of any documents in response to Defendant's non-party request. [*Id.*] Thus, Defendant filed its motion to compel discovery responses from each of the four entity Plaintiffs as well as Mr. Bego [Dkt. 91], which motion is now before the Court.

## II. Discussion

Rule 37 permits a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as broadly defined by Rule 26, includes any information that a party may use to support its claims. Fed. R. Civ. P. 26 (a)(1)(A). "For good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (b)(1). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) (citing to *Tice v. American Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D.Ill.2000)). Ultimately, this Court has "broad discretion in discovery matters, [including a] motion to compel discovery." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)).

When a party raises objections to discovery requests, the objecting party bears the burden of proving that a discovery request is improper. *See, e.g.*, *Janssen v. Howse*, 09-CV-3340, 2011 WL 2533809 (C.D. Ill. June 27, 2011); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009); *BASF Catalysts LLC v. Aristo, Inc.*, 2:07-CV-222, 2009 WL 187808 (N.D. Ind. Jan. 23, 2009). When the objecting party raises nonspecific, boilerplate objections without clearly explaining how the request is objectionable, courts should overrule the objections in favor of broad discovery, pursuant to the federal rules. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) (boilerplate objections without explanation are deemed waived); *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 671 (N.D. Ind. 2008) (the objecting party must specify why the discovery request is improper); *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997) (the federal discovery rules should be construed liberally and broadly). The Court now addresses Plaintiffs' objections to Defendant's discovery requests.

**A. Relevance**

Plaintiffs first argue that the requested tax returns, financial statements, and documents referring or relating to their loan applications are not relevant to the matter, as they have "not claimed to be unsophisticated regarding standard commercial banking," only that they "did not understand the risks of the **swap transactions**." [Dkt. 98 at 2-4 (emphasis in original).] In response, Defendant asserts that Plaintiffs' distinction between general investor sophistication and experience with the derivative market in particular is improper, and "the issue is whether EMS and its principal, Dave Bego, were sophisticated and experienced enough to read and understand contracts with banks—including disclaimers of fiduciary relationships—and to understand banking relationships." [Dkt. 99 at 2.]

When the relevance of discovery is challenged, it is the objecting party's burden to establish not only that the requested discovery is irrelevant, but that the requests are "not reasonably calculated to lead to the discovery of admissible evidence." *See, e.g.*, *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 499 (S.D. Ind. 2003). Additionally, the objecting party must establish that "the requested discovery is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id.* Here, Plaintiffs do not argue that the discovery requested is not relevant to the issue of whether they are sophisticated consumers of banking services. [*See* Dkt. 98.] Instead, Plaintiffs parse words in an attempt to distinguish experience with complex derivative instruments from sophistication in banking services, but the Court is not convinced. Experience in telecommunications, for example, does not necessarily become irrelevant when a new device is introduced to the market, and neither does experience in banking necessarily become irrelevant when new investment opportunities are created. A consumer that is sophisticated in any kind of investment banking would surely know that there are risks involved in investment in the markets, let alone investment in a new market through instruments with which they are unfamiliar. Thus, the Court overrules Plaintiffs' objections regarding the relevance of their and David Bego's tax returns, financial statements, and documents referring to or relating to their loan applications.

### B. Overbroad, Unduly Burdensome, and Duplicative

Plaintiffs also object to each of Defendant's three discovery requests on the ground that they are "overly board and unduly burdensome." [Dkt. 93 at 4.] Because Plaintiffs have made no further explanation as to how the requests are overbroad, their objection is deemed waived. *See Novelty,* 265 F.R.D. at 375. Plaintiffs' additionally argue, on behalf of David Bego,[1] that

---

[1] Also on behalf of David Bego, Plaintiffs object that Third Party Request for Production Number 2 is vague, ambiguous, and overbroad, seemingly requesting tax returns for "all publically-traded entities in which Mr. Bego

4

Defendant's third party requests for production are overbroad because they "seek[s] tax returns spanning 14 tax years," from 2000 through "present." [Dkt. 93 at 8.] In its motion to compel, Defendant argues that "documents produced by Plaintiffs suggest that Bego had experience with interest rate swaps at least as early as 2001." [*Id.* at 10.] In response, Plaintiffs make no further argument on David Bego's behalf, save the relevance argument. [*See* Dkt. 98 at 4-5.] Thus, the Court finds that the third party requests made to David Bego for the production of tax returns beginning in 2000 are not overbroad. However, it is not necessary to extend Defendant's requests at issue to include documents "to the present" year when the parties' banking relationship ended in 2011. Thus, any tax returns, financial statements or documents referring or relating to any loan applications from 2012 to present need not be produced by either the Plaintiffs or third party David Bego.

Although no explanation was given regarding their unduly burdensome objection either, a district court "must consider relevant objections," such as undue burden, regardless of the whether the objection would otherwise be waived. *Cont'l Ins. Co. v. Chase Manhattan Mortgage Corp.*, 59 F. App'x 830, 839 (7th Cir. 2003). Here, it would not be an undue burden to produce the Plaintiffs' financial statements and tax returns, as they have already been prepared and should be on file and readily accessible, causing Plaintiffs' to spend little time or money in their production. As for the documents "referring or relating to any loan application," the Court does agree that documents merely "referring" to any loan application made between 2004 and 2011

---

has owned stock, and all entities in which Mr. Bego had had management or governance authority with or without an ownership interest, since 2000." [Dkt. 93 at 8.] However, in its motion to compel, Defendant clarifies that "[o]bviously, Fifth Third is not interested in the tax returns of publically traded companies, nor would Fifth Third expect Bego to have the tax returns for these large companies. However, if Bego owns or controls a business and is in possession, custody, or control of its tax returns, the tax returns should be produced." [*Id.* at 10.] While the Court trusts that the objection has now been resolved, the Court clarifies that Request Number 2 is understood to be read as follows: "State and federal income tax returns for each tax year from 2000 to 2011, including all schedules, for any business owned or controlled, directly or indirectly, by David Bego (excluding publically traded companies), over which tax returns and schedules Bego is in possession, custody, or control."

could present an undue burden on Plaintiffs. However, documents "relating to" such loan applications, like the financial statements and tax returns, should be on file and readily available for production. Thus, Defendant's RFP Number 35 will now read "Documents constituting or relating to any loan application submitted by Plaintiffs to any financial institution from 2004 through 2011," the response to which, as edited, would not unduly burden Plaintiffs.

Additionally, in response to Defendant's request for production of documents relating to any of their loan applications, Plaintiffs assert that the request is "duplicative." [Dkt. 93 at 4.] However, Plaintiffs do not explain this assertion in their responses to Defendant's requests for production, nor do they address this assertion in their response to Defendant's motion to compel. [*See* Dkt. 98.] With no effort made on Plaintiffs' part to explain to the Court how documents relating to any of their loan applications, their duplicative objection has been waived. That being said, if such documents have already been produced in response to any of Defendant's other discovery requests, Plaintiffs need not produce the *same document* twice and may refer to a previous response of theirs. However, if Plaintiffs' duplicative objection is based on the belief that they have already produced the *same information contained within* any documents responsive to Defendant's request for documents relating to Plaintiffs' loan applications, then the Plaintiffs must still produce the responsive documents.

C. **Confidential and Privileged**

Finally, Plaintiffs, on behalf of themselves and David Bego, make several objections that are readily resolved by the Court's entry of the parties' Agreed Protective Order and the federal rules. [*See* Dkts. 65 (joint motion for protective order).] In response to Defendant's requests for Plaintiffs' loan application documents and for tax returns in David Bego's possession, Plaintiffs

argue that Defendant's seek personal and/or financial, confidential information.  [Dkt. 93 at 4, 8.]  In pertinent part, the Agreed Protective Order provides that:

> This order is to preserve and maintain the confidentiality of certain limited **confidential and proprietary information which may be disclosed or obtained by the parties**, specifically**, personal commercial, banking and financial data and information**; business strategies and plans; marketing plans; client lists and contacts; other confidential, commercial, **financial**, administrative, **personal**, private, opinion or business information that, if made public, would likely cause harm to a party or **non-party** (other than any probative value such information may have with respects to the merits of this action); and other information, the disclosure of which is likely to cause competitive or commercial injury to the **producing party or non-party identified in the information or documents**.  This order is also intended to preserve and maintain the **confidentiality of certain limited personal, private information** regarding the parties and their respective businesses and employees through testimony and/or the production of certain records by and between the parties **during the course of discovery**.

[Dkt. 66 at 1-2.]  In other words, any "Confidential Information" is protected, whether it is "reavealed during a deposition, in a document, or by production of tangible evidence or otherwise."  [*Id.* at 3.]  Not only does the parties' Agreed Protective Order restrict who will have access to such confidential information, but even when filing the documents with the Court the order provides that the documents may be filed under seal and/or redacted.  [*Id.* at 4-6.]  Additionally, David Bego is protected by the Agreed Protective Order as both a non-party and the President and CEO of each of the Plaintiffs, so any information he produces will clearly fall within the parameters of the Agreed Protective Order.  Thus, Plaintiffs' confidentiality objections are overruled.

Plaintiffs' remaining objection is to Defendant's request for documents relating to any of Plaintiffs' loan applications from 2004 through 2011, claiming that the request "seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege."  [Dkt. 93 at 4-5.]  However, Rule 26 provides that when any information or documents are withheld during discovery on the basis of privilege or work product doctrine, the

7

withholding party must (1) expressly claim the privilege and (2) describe each document, communication, or tangible thing being withheld "in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim [of privilege]." Fed. R. Civ. P. 26(b)(5)(A). The Seventh Circuit has "well-settled law governing the required content of privilege logs," so Plaintiffs should have little trouble in preparing a satisfactory privilege log when they respond to Defendant's discovery requests. *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 380 (S.D. Ind. 2009). Accordingly, Plaintiffs' privilege objections to Defendant's requests for production are overruled, and Plaintiffs shall produce to the Defendant a proper privilege log containing the requisite details of any document, communication, or tangible thing withheld on the grounds of privilege or the work product doctrine, pursuant to the federal rules and Seventh Circuit law.

### III. Conclusion

For aforementioned reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Compel Plaintiffs' and David Bego's Discovery Responses. [Dkt. 91.] Plaintiffs and David Bego are granted twenty-one (21) days from the date of this order to make full and complete discovery responses in compliance with the Court's ruling.

Date: 09/22/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

Michael A. Dorelli
HOOVER HULL LLP
mdorelli@hooverhull.com

Michael J. Blinn
HOOVER HULL LLP
mblinn@hooverhull.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

Stephen Elliot Reynolds
ICE MILLER LLP
stephen.reynolds@icemiller.com